24 F.3d 252
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Dena Diane WAGNER, Defendant-Appellant.
 No. 93-30351.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 20, 1994.*
Decided April 21, 1994.
 
 Before: POOLE, BEEZER, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Dena Wagner appeals the terms of her probation following her plea of guilty to food stamp fraud. Ms. Wagner received stolen food stamps from Ms. Maas, a postal employee who was Ms. Wagner's mother-in-law at the time. Ms. Wagner contends the district court abused its discretion by conditioning her probation on participation in substance abuse and mental health counseling.
 
 
 3
 Ms. Wagner suffered childhood sexual abuse and was physically abused by her husband during her second marriage. She drank excessively between the ages of nine and fourteen, often consuming a fifth of liquor during a single day. Ms. Wagner has been sober, however, for the last five years with two exceptions: she drank briefly when her parents passed away and when her second marriage failed.
 
 
 4
 Ms. Wagner argues that her alcohol abuse problems are in her past and that the mental health counseling would invade her privacy by forcing her to relive painful memories while doing little or nothing for her rehabilitation. Therefore, she argues, the probation condition requiring her to receive treatment was an abuse of the district court's discretion. To be valid a probation condition must be "(1) primarily designed to meet the ends of rehabilitation and protection of the public and (2) reasonably related to such ends." United States v. Bolinger, 940 F.2d 478, 480 (9th Cir.1991), citing United States v. Terrigno, 838 F.2d 371, 374 (9th Cir.1988).
 
 
 5
 Ms. Wagner's crime occurred during her abusive marriage and she relapsed into drinking for a brief period at the end of that marriage. It is possible that Ms. Wagner's personal difficulties contributed to her susceptibility to the temptation of criminal activity. Resolving these problems could further her rehabilitation. The district court told Ms. Wagner that treatment "might make [her] life a little smoother." Transcript of Sentencing Proceedings, September 7, 1993, p. 10. The district court is in a better position to determine the rehabilitative needs of Ms. Wagner than are we.
 
 
 6
 Furthermore, Ms. Wagner told the probation officer that she intended to continue counseling "as she is able." PSR p 43. The district court did not abuse its discretion in conditioning probation on Ms. Wagner receiving counseling for substance abuse and her mental health problems.
 
 
 7
 The sentence of the district court is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Circuit Rule 36-3